UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BRAD JOHNSON, | ) | Civil Action No.: 4:08-cv-2726-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| LEWIS V. HALL, DORIS CUBITT, | ) | |
| A. ABLE, B. BAKER, and C. CHARLIE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.    INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff alleges, among other things, that Defendants violated his civil rights with the issuance of a "Notice to Cease and Desist Unlawful Practice." The Notice ordered Plaintiff "to cease and desist from the performance of any act which constitute the unlicensed practice of accounting." See Ex. I to Plaintiff's Complaint. Plaintiff also alleges that South Carolina Code Ann. § 40-2-20 and § 40-2-30 are unconstitutional as applied to him. Defendant Lewis V. Hall, who is also proceeding pro se, filed a Motion to Dismiss (Document # 19) pursuant to Rule 12(b)(1), Fed.R.Civ.P. Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss could result in dismissal of his Complaint. Plaintiff timely filed a Response in opposition to Defendant Hall's Motion to Dismiss.[1]

---

[1] Plaintiff filed a Motion for Extension of Time to file a Response, which was granted.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II.     FACTUAL ALLEGATIONS AS TO DEFENDANT HALL

In his Complaint, Plaintiff alleges that Defendant Hall is employed by Cold Air AC Service, Inc. Complaint at ¶ 3. Plaintiff further alleges "[b]efore July 28, 2006, Defendant Hall complained to the South Carolina Board of Accountancy that Plaintiff Johnson was in the practice of accounting within the meaning of S.C. Code Ann. § 40-2-20(15)(b) in violation of S.C. Code Ann. § 40-2-30(A), (D), and (G), in that, in one instance Plaintiff Johnson used the title 'C.P.A.' with his name, within the state of South Carolina at a time when he did not hold a valid South Carolina license issued under Chapter 2 of Title 40 of the South Carolina Code of Laws." Id. at ¶ 10. Plaintiff does not otherwise specifically mention Defendant Hall in his Complaint, but refers to the "Individual Defendants" collectively throughout the Complaint.

## III.    STANDARD OF REVIEW

Defendant brings his motion to dismiss pursuant to Rule 12(b) (1), Fed.R.Civ.P., for lack of subject matter jurisdiction. A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is permitted to adjudicate the claims brought before it. "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647-50 (4th Cir.1999) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991)).

**IV.   DISCUSSION**

Defendant Hall asserts that Plaintiff's Complaint does not give rise to a federal question. Title 28, section 1331 of the United States Code provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff brings this action under 42 U.S.C. § 1983.   Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir.1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417(6th Cir.1996) (emphasis added).  It appears Plaintiff may be alleging Defendant Hall was involved in a conspiracy with the other Defendants to violate Plaintiff's constitutional rights.  See, e.g.,  Hessami v. Corporation of Ranson, 170 F.Supp.2d 626, 634 (N.D.W.Va. 2001) (citing Marion v. Groh, 954 F.Supp. 39, 43 (D.Conn.1997); Fries v. Helsper, 146 F.3d 452, 457 (7th Cir.1998)), but  see Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 939, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982);  Lee v. Town of Estes Park, 820 F.2d 1112, 1115 (10th Cir.1987) (citing Cruz v. Donnelly, 727 F.2d 79 (3rd Cir.1984)).  Thus, this Court has subject matter jurisdiction over Plaintiff's claims.[2]

---

[2] Defendant Hall also asserts that diversity jurisdiction is lacking because he is a resident of South Carolina, and, at the time of the incidents alleged in the Complaint, Plaintiff was also a resident of South Carolina.  Because this Court has federal question jurisdiction, it is unnecessary to address this argument.  However, the undersigned will note that diversity of citizenship is determined at the time suit is filed, not at the time the cause of action arose.  See Rowland v. Patterson, 852 F.2d 108, 110 (4th Cir. 1988).

## V. CONCLUSION

For the reasons set forth above, it is recommended that Defendant Hall's Motion to Dismiss (Document # 19) be denied.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 1, 2009
Florence, South Carolina

**The parties' attention is directed to the important information in the attached notice.**